# EXHIBIT A

# VAN DER VEEN
# O'NEILL HARTSHORN LEVIN

† Michael T. van der Veen
** Francis J. O'Neill, Jr.
** Brian D. Hartshorn
* Nelson Levin

Daniel J. Devlin**
Joseph P. Capone**
Richard P. Coble**
Grant P. Bloomdahl*

November 30, 2018

**VIA FIRST CLASS MAIL & CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**9590 9402 4311 8190 4895 50**
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

RE:  **Nichole McCann v. Walmart, Inc., et al.**
     CCP, Philadelphia County Docket No.: 181102544
     Date of Accident: August 3, 2017

Dear Walmart,

Enclosed please find a copy of the Complaint filed on behalf of our client, Nichole McCann, in the above referenced matter. You have been named as a defendant in this action and should take this Complaint to an attorney immediately. If you have insurance, send this to your insurance company immediately.

If you have any questions or concerns, feel free to contact me.

Very truly yours,

Michael Adams
Paralegal to Michael T. van der Veen

/mja
Enclosure

DEC 0 4 2018

1219 Spruce Street | Philadelphia, PA 19107 | P (215) 546-1000 | F (215) 546-VLAW | mtvlaw.com
609 Hamilton Street | Suite 7 | Allentown, PA 18101
+Member of PA, NJ, & IL Bars, LLM in Trial Advocacy | **Member of PA, NJ Bars | *Member of PA Bar

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

NOVEMBER 2018

Filing Number: 1811046805

002544

| PLAINTIFF'S NAME<br>NICHOLE MCCANN | DEFENDANT'S NAME<br>WALMART, INC. |
|---|---|
| PLAINTIFF'S ADDRESS<br>1500 CHURCH STREET<br>PHILADELPHIA PA 19124 | DEFENDANT'S ADDRESS<br>702 SW 8TH STREET<br>BENTONVILLE AR 72716 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WAL-MART STORES EAST, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>702 SW 8TH STREET<br>BENTONVILLE AR 72716 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WAL-MART STORES, INC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>708 SW 8TH STREET<br>BENTONVILLE AR 72716 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

NOV 21 2018

M. BRYANT

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: NICHOLE MCCANN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MICHAEL T. VANDERVEEN | ADDRESS<br>1219 SPRUCE STREET<br>PHILADELPHIA PA 19107 |
|---|---|
| PHONE NUMBER<br>(215)546-1000 | FAX NUMBER<br>(215)546-8529 |
| SUPREME COURT IDENTIFICATION NO.<br>75616 | E-MAIL ADDRESS<br>mtv@mtvlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>MICHAEL VANDERVEEN | DATE SUBMITTED<br>Wednesday, November 21, 2018, 04:12 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. WALMART, INC.
    702 SW 8TH STREET
    BENTONVILLE AR 72716
2. WAL-MART STORES EAST, INC.
    702 SW 8TH STREET
    BENTONVILLE AR 72716
3. WAL-MART STORES, INC
    708 SW 8TH STREET
    BENTONVILLE AR 72716
4. WALMART STORE NO. 2650
    4301 BYBERRY ROAD
    PHILADELPHIA PA 19154

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN
BY: Michael T. van der Veen
ID No. 75616
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529

*Filed and Attested by the Office of Judicial Records 21 NOV 2018 [illegible] pm*

MAJOR JURY
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| NICHOLE MCCANN<br>1500 Church Street<br>Philadelphia, PA 19124<br><br>      Plaintiff,<br>vs.<br><br>WALMART, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>WAL-MART STORES EAST, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>WAL-MART STORES, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>WALMART STORE NO. 2650<br>4301 Byberry Road<br>Philadelphia, PA 19154<br><br>      Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER TERM 2018<br><br>No. |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone 215-238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono 215-238-6333

Case ID: 181102544

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN
BY: Michael T. van der Veen
ID No. 75616
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529

**MAJOR JURY**
**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| NICHOLE MCCANN<br>1500 Church Street<br>Philadelphia, PA 19124<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>WALMART, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>WAL-MART STORES EAST, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>WAL-MART STORES, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br><br>WALMART STORE NO. 2650<br>4301 Byberry Road<br>Philadelphia, PA 19154<br><br>　　　　　　　Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NOVEMBER TERM 2018<br><br>No. |

## COMPLAINT IN CIVIL ACTION
## 2S-PREMISES LIABILITY

1. Plaintiff Nichole McCann is an adult individual who, at all times relevant hereto, resided at the address indicated above.

2. Defendant Walmart, Inc. is a business, company, partnership entity, fictitious name and/or corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the address indicated above.

Case ID: 181102544

3. Defendant Wal-Mart Stores East, Inc. is a business, company, partnership entity, fictitious name and/or corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the address indicated above.

4. Defendant Wal-Mart Stores, Inc. is a business, company, partnership entity, fictitious name and/or corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the address indicated above.

5. Defendant Walmart Store No. 2650 is a business, company, partnership entity, fictitious name and/or corporation duly existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the address indicated above.

6. Venue is proper in this Court under Pa. R.C.P. Nos. 1006, 2130 and/or 2179 as Defendants regularly conduct business within the City and County of Philadelphia.

7. At all times relevant and material hereto, Defendants owned, occupied, controlled, maintained, derived economic benefit from and/or possessed, individually and through their respective agents, the premises located at 4301 Byberry Road, Philadelphia, PA 19154, and on that premises operated the Walmart Store No. 2650 (hereinafter "Premises").

8. At all times relevant and material hereto, Defendants maintained the interior and exterior of its Premises, including but not limited to the floors, displays and surrounding areas.

9. At all times relevant and material hereto, Defendants were acting through their agents, representatives and/or employees, all of whom were acting within the course and scope of their employment.

10. Defendants are liable for the acts and omissions of their agents, employees and representatives through the doctrines of vicarious liability and respondeat superior.

11. On or about August 3, 2017, Plaintiff was a business invitee at the Defendants' Premises.

12. On this date, there existed a dangerous condition at the Premises, and specifically, improperly maintained and uncleaned floors upon which cherries were scattered in the Premises.

13. On the aforementioned date, Plaintiff, while exercising reasonable care, walking in the Premises when she was caused to slip and fall on the aforesaid cherries due to the improperly maintained and uncleaned floors located upon the Premises, thereby suffering severe and permanent injuries, as described below.

14. Defendants, through their agents, representatives and/or employees knew, or should have known of the dangerous condition upon the Premises and that individuals, including Plaintiff, would encounter the dangerous conditions when walking upon or using the same.

15. Defendants had a duty to exercise reasonable care to ensure that its Premises was safe for patrons to use or walk upon.

16. In breach of the aforesaid duty, Defendants allowed a dangerous condition to exist on its Premises.

17. The negligence of Defendants consisted of the following acts and/or omissions to act:

   a. Allowing a dangerous condition upon the Premises;
   b. Creating a dangerous condition upon the Premises;
   c. Failing to properly monitor, inspect, keep safe, correct or have corrected or otherwise maintain and remove the aforementioned dangerous condition;
   d. Failing to properly and adequately maintain the condition of the Premises;
   e. Failing to discover, correct and remove the dangerous condition on the Premises;
   f. Failed to warn patrons of the cherries with signs or by stationing a representative to alert patrons of the danger of the same or other objects;
   g. Failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;
   h. Failed to properly maintain and/or adequately maintain the Premises;

i. Failed to inspect and/or adequately inspect the Premises;
j. Failed to ensure safe walking areas in the Premises;
k. Creating the dangerous condition on the Premises, which the Defendants knew or should have known created a hazard;
l. Failing to take reasonable precautions against the aforementioned dangerous condition;
m. Failure to respond in a timely manner to the aforementioned dangerous condition;
n. Failing to maintain and/or adequately maintain the floors of the Premises;
o. Failing to keep its floors free of objects which posed hazards to persons, including but not limited to Plaintiff; and
p. Failing to put down proper mats to provide safety and stability for persons traversing the floors of the Premises.

18. As a direct and proximate result of the negligence of the Defendants, Plaintiff was caused to fall and suffer serious and permanent injuries, including: nondisplaced patellar fracture of the right knee, nondisplaced comminuted fracture of the right patella, contusions, knee pain, right ankle stiffness and right ankle pain, all to her great detriment and loss, financial and otherwise.

19. As a further direct and proximate result of the Defendants' negligence and carelessness, Plaintiff has suffered in the past and may in the future, inconvenience, embarrassment, emotional distress, humiliation, scarring, pain and suffering and loss of life's pleasures, all to her great detriment and loss, financial and otherwise.

20. As a further direct and proximate result of Defendants' negligence and carelessness, Plaintiff has been in the past and may continue in the future to be unable to attend her daily activities, avocations and occupations, all to her great loss and detriment, financial and otherwise.

21. As a further direct and proximate cause of Defendants' negligence and carelessness, Plaintiff has in the past and may in the future be required to expend monies for medical care, prescriptions and physical therapy in attempting to treat the injuries caused by the carelessness and negligence of the Defendants, all to her great loss and detriment, financial and otherwise.

22. As a further direct and proximate cause of Defendants' negligence and carelessness, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

**WHEREFORE**, Plaintiff demands that judgement be entered in her favor and against Defendants, for an amount in excess of fifty-thousand dollars ($50,000.00), plus interest, costs and attorney's fees.

DATE: 11/21/18

VAN DER VEEN, O'NEILL, HARTSHORN & LEVIN

BY: _____
Michael T. van der Veen, Esq.
Attorney for Plaintiff

## VERIFICATION

I, __Nichole M<sup>c</sup>Cann__, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: _[signature]_                          Dated: _12/21/18_